IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Stivala Investments, Inc. | : | Chapter Eleven |
| --- | --- | --- |
| Debtor | : | Case No. 5-08-bk-50803 RNO |
| Stivala Investments, Inc. | : | |
| | : | Adv. No. 5-08-ap-50082 RNO |
| Plaintiff | : | |
| v. | : | **{Nature of Proceeding:** Motion for Reconsideration of Court's Opinion and Order dated July 17, 2008**}** |
| Atlantic National Trust LLC, by Assignment of Pennstar Bank, a division of NBT Bank, Successor by merger of Pioneer American Bank, N.A. | : | |
| Defendant | : | |

# **Opinion**[1]

Presently pending before the Court is Stivala Investments, Inc.'s Motion for Reconsideration of this Court's Order and Opinion dismissing the instant adversary for lack of subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine. For the reasons stated herein, the Motion to Reconsider is denied.

**Procedural History**

Stivala Investments, Inc. ("Debtor") filed for chapter 11 relief on March 24, 2008. Subsequently, Debtor filed this instant adversary against Atlantic National Trust LLC ("Atlantic") to determine the validity and amount of Atlantic's claim against the estate. Atlantic filed a Motion to Dismiss based on Federal Rule of Bankruptcy Procedure 7012(b)(1) and (6). Both parties submitted briefs on the issue and an Opinion was issued by this Court on July 17, 2008, finding in favor of Atlantic on grounds that the Rooker-Feldman Doctrine denied this Court the jurisdiction to decide the issue raised by the adversary proceeding. This Court's previous finding was premised, in part, on the fact that Atlantic had procured a final state court

---

[1]Drafted with the assistance of William C. Blasses, Law Clerk.

-1-

judgment awarding it $550,048.11 plus applicable interest and an attorney's commission.

The Debtor now seeks reconsideration on grounds the Court erred in applying the Rooker-Feldman Doctrine. Briefs were submitted by the Debtor and Atlantic. Oral argument on the Motion for Reconsideration was heard on September 3, 2008.

**Standard of Review**

As stated previously by this Court in *In re Baldino*, motions for reconsideration are extraordinary means of relief and should only be granted sparingly. *In re Baldino*, 369 B.R. 858, 859 (Bankr. M.D.Pa. 2007); *see also, Lony v E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991). There are only three limited instances in which reconsideration should be granted: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *In re Baldino*, at 860 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Further, it should be noted that "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple . . . a motion for reconsideration will not be used as a vehicle to reargue the motion or to present evidence which should have been raised before." *In re Christie*, 222 B.R. 64, 67-68 (Bankr. D.N.J. 1998) (internal citations omitted). The Debtor has not alleged an intervening change in controlling law or the availability of new evidence that was previously unavailable at the time of this Court's previous Opinion. Therefore, review is limited to whether there exists the need to correct clear error of law or to prevent manifest injustice.

**Facts**

The Debtor originally executed a promissory note to Pioneer Bank for the principal amount of $550,000.00 on October 14, 1994. On January 22, 2003, judgment on the note was confessed against the Debtor in Lackawanna County, Pennsylvania. Subsequently, on March 28, 2003, Pioneer Bank was succeeded by Pennstar Bank. On March 31, 2003, the note was assigned by Pennstar Bank to Atlantic. On August 17, 2005, a second confession of judgment was entered against the Debtor. On September 13, 2005, the Debtor moved to strike the second confession of judgment on two grounds. First, that the Atlantic's Complaint contained a material defect under Pa. R. Civ. P. 2952(a)(5) in that it did not include a statement that a confessed judgment was previously entered; and, second, that once Atlantic employed the warrant of

-2-

attorney under the promissory note, it exhausted its authority which could not be exercised. Def.'s Mot. to Dismiss Adv. Proceeding, Ex. D, p. 5.

The Debtor's petition was denied on March 8, 2006, by the Lackawanna County Court of Common Pleas. On March 17, 2006, the Debtor appealed that Order, and on April 9, 2007, the Pennsylvania Superior Court affirmed the lower court's ruling. The Debtor then filed a petition for allowance of appeal with the Pennsylvania Supreme Court; the petition was denied on November 14, 2007.

The Debtor filed for chapter 11 relief on March 24, 2008. It next commenced an adversary proceeding against Atlantic to determine the validity and amount of Atlantic's claim against the estate. Principally, the Complaint sought to reduce the judgment of Atlantic on grounds that the amount of the judgment is improper. Additionally, the Complaint questioned the interest rate used to calculate the claim between January 22, 2003 and August 17, 2005. It also questioned the $70,931.35 portion of the claim seeking attorney's fees. Finally, the Complaint alleged the amount of the judgment is overstated because the Debtor was not credited for payments totaling $166,001.83 to Defendant's predecessor, Pennstar Bank. On July 17, 2008, this Court issued an Opinion finding that the Rooker-Feldman Doctrine barred this Court from hearing the adversary proceeding.

**Analysis**

    **I. Debtor's Motion for Reconsideration**

In its Motion to reconsider this Court's Opinion of July 17, 2008, the Debtor argues that the Court made three errors. Specifically, Debtor argues that this Court erred by finding that the Lackawanna County Court of Common Pleas had entered a final judgment awarding $550,048.11 with interest. Court error is also alleged in the finding that the Debtor waived its arguments challenging the amount of judgment by failing to raise them in the initial state court petition to open/strike the judgment. The Debtor also argues this Court erred by not having an evidentiary hearing and taking testimony in reference to this matter. These arguments will be considered in light of applicable law.

## II. The Rooker-Feldman Doctrine

The Rooker-Feldman Doctrine precludes litigants from pursuing in an inferior federal court two types of matters. One, a controversy which was actually litigated by the state court; and, two, a controversy which is inextricably intertwined with state court adjudication. *In re Randall,* 358 B.R. 145, 154 (Bankr. E.D.Pa. 2006) (citing *In re Knapper,* 407 F.3d 573, 580 (3d Cir. 2005)). The key consideration is that the federal court not allow a plaintiff to "undo or prevent the enforcement of the state court's order." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 422 (3d Cir. 2003). Rooker-Feldman is the result of Congressional authority delegated exclusively to the Supreme Court under 28 U.S.C. § 1257. *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008).

At the core of Rooker-Feldman are two considerations; whether the claim before the federal court was actually litigated in a state court or, whether the claim is "inextricably intertwined" with a previous state court adjudication. *In re Knapper,* 407 F.3d 573, 580 (3d Cir. 2005). An affirmative finding for either consideration precludes the federal court from exercising jurisdiction. *Id.* The Rooker-Feldman Doctrine applies when the claims asserted in federal court are merely a "*de facto* appeal" of a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Such claims are considered to be inextricably intertwined with the state court's prior judgment. *Id.* This approach makes application of the Rooker-Feldman Doctrine a judgment-centered approach. That is, a claim or issue is at the very least inextricably intertwined if the relief sought would invite review and rejection of a state level judgment. *See also In re Stuart*, 367 B.R. 541, 551 (Bankr. E.D.Pa. 2007).

## III. Nature and Effect of Pennsylvania Confession of Judgments

Pennsylvania Rules of Civil Procedure allow for confession of judgment for either money or possession of real property. *See* Pa. R. Civ. P. §§ 2950 & 2970. The procedure provides for the plaintiff/creditor to apply to the court for a judgment without allowing the debtor an opportunity to answer before entry of the judgment. *Newton v. First Union Nat. Bank*, 316 F.Supp.2d 225, 233 (E.D.Pa. 2004) (citing *Southwestern Pennsylvania Reg'l Council, Inc. v. Gentile,* 776 A.2d 276, 279 n.3 (Pa. Super. Ct. 2001)). Although a confession of judgment need not be litigated by the debtor, "the record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a

judgment on a verdict." *O'Hara v. Manley*, 12 A.2d 820, 822 (Pa. Super. 1940) (quoting *Kostenbader v. Kuebler*, 199 Pa. 246, 249 (1901)).

Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition and adhering to the rules set forth in Pa. R. Civ. P. § 2959. A defendant seeking to open a confessed judgment "must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury." *Bell Federal Sav. and Loan Ass'n of Bellevue v. Laura Lanes, Inc.*, 435 A.2d 1285, 1286 (Pa. Super. 1981) (citing *First National Bank of Pennsylvania v. Cole*, 435 A.2d 1283, 1284 (Pa. Super. 1981)).

All grounds to open or strike a judgment must be asserted in a single petition, and any defenses and objections which are not included in the petition and answer are waived. Pa. R. Civ. P. § 2959(c); *see also, Davis v. Woxall Hotel, Inc.*, 577 A.2d 636, 639 (Pa. Super. 1990) (defenses to a confessed judgment not contained in the petition to open or strike judgment are waived); *Romah v. Romah*, 600 A.2d 978, 981 (Pa. Super. 1991) (holding that the defendant could not seek relief from unreasonable attorney's fees when the issue was not raised in a petition to open or strike the confession of judgment); and *Duque v. D'Angelis*, 568 A.2d 231, 233 (Pa. Super. 1990) (failure to contest the amount of the judgment in a petition to strike and/or open a confessed judgment is waived).

**Conclusion**

In the decision of July 17, 2008, this Court found that the state court judgment held by Atlantic is inextricably intertwined with the relief sought by the Debtor in this adversary proceeding. I have reviewed the reasoning and the authority which led to the conclusion that the matters were "inextricably intertwined". *See ITT Corp. v. Intelnet Intern.*, 366 F.3d 205, 211 (3d Cir. 2004).

The prior state court actions, which led to the entry of the final judgment, are illustrated by the pleadings. In particular, a copy of the state court docket is attached an exhibit to Atlantic's Motion to Dismiss. Def.'s Mot. to Dismiss Adv. Proceeding, Ex. C. A copy of the Pennsylvania Superior Court's decision affirming the denial of the Debtor's petition to open the judgment, as well as the Pennsylvania Supreme Court's denial of the petition for allowance of appeal, were also attached as exhibits. Def.'s Mot. to Dismiss Adv. Proceeding, Ex. E; Def.'s Mot. to Dismiss Adv. Proceeding, Ex. F, respectively. The record obviated any need for an

evidentiary hearing or testimony.

      The above demonstrates that any potential finding in favor of the Debtor would undermine the state court money judgment. The amount of the judgment was effectively determined in the state court proceedings and review by this Court is precluded under the Rooker-Feldman Doctrine. The Debtor's Motion for Reconsideration is therefore denied.

      An Order will be entered consistent with this Opinion.

Date: October 3, 2008

_____
Robert N. Opel, II, Bankruptcy Judge (BI)

*This opinion is electronically signed and filed on the same date.*